IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHANI S. BEURGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 20-0421-TFM-MU |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On April 20, 2021, Defendant Alabama Medicaid Agency ("Medicaid") filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and a supporting brief. (Docs. 13, 13-1). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72, for entry of a report and recommendation. Medicaid seeks dismissal of Plaintiff's purported claims against it, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Although given an opportunity to do so, *see* Doc. 16, Plaintiff has not filed a response to Medicaid's motion.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

Plaintiff's Amended Complaint appears to assert a claim against the Social Security Administration concerning complaints regarding the amount and method of Social Security payments made to her and adjustments made to her Social Security and Medicare benefits. (Doc. 4). No wrongful or improper allegations are made against Medicaid, nor is any cause of action stated against Medicaid. Medicaid is mentioned only six times in the 37-page amended complaint and attachment, but never in reference to the requested relief. First, Medicaid is listed as a defendant on page 2 of the complaint. Next, Medicaid is mentioned as the payor of the "Quality Medicare Benefits" QMB program. On page 4, Plaintiff states that Medicaid cannot see changes made by her local social security office. In the attachments, pages 1 and 2 appear to be the pages sent with a new Medicaid card. Medicaid is also listed on page 10 as an insurer of Plaintiff from January 1, 2018, until the date of printing, January 31, 2018.

Finally, various contacts for Medicaid are listed on page 30 of the attachment.

The amended complaint does not allege that Medicaid participated in any misconduct. As to Medicaid, the amended complaint only contains various statements that, if taken as true, show that Plaintiff was a Medicaid beneficiary during January 2018, she received a Medicaid card, and Medicaid cannot see changes made by Social Security. Therefore, Plaintiff has not pleaded, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" because she has alleged no misconduct by Medicaid. In addition, Plaintiff has not requested any relief from or relating to Medicaid.

Accordingly, having reviewed and considered the relevant pleadings, Medicaid's motion, and the relevant law, the undersigned Magistrate Judge **RECOMMENDS** that Medicaid's motion to dismiss be **GRANTED** and that any and all claims asserted against Medicaid be **DISMISSED, without prejudice,** for the reasons set forth above.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **24th** day of **June, 2021**.

                                            <u>s/P. BRADLEY MURRAY</u>
                                            UNITED STATES MAGISTRATE JUDGE