IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANI S. BEURGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 20-0421-TFM-MU ) |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On October 8, 2021, Defendants the U.S. Department of Health and Human Services ("HHS"), the Medicare U.S. Department of Health and Human Services Office of Civil Rights, the National Social Security Administration ("SSA"), and Joseph P. Addabbo (collectively, "Defendants ") filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 36). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72, for entry of a report and recommendation. The Defendants seek dismissal of Plaintiff's purported claims against them, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response to the Defendants' motion, as well as several supplements, which the Court has considered in light of Plaintiff's *pro se* status even though much of the matter contained in those supplements is not relevant to Plaintiff's claim. (Docs. 38, 39, 40, 41, 42, and 43). As an initial matter, although Plaintiff named the U.S. Department of Health and Human Services, Medicare, National Social Security Administration, and Assistant Regional Social Security Commissioner Joseph P. Addabbo as Defendants in this action, the only proper defendant for claims asserted

under the Social Security Act, like the claims asserted by Plaintiff here, is the Acting Commissioner of the Social Security Administration, Kilolo Kijakazi, in her official capacity. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(d). Therefore, because Plaintiff has stated no claims against them, the U.S. Department of Health and Human Services, Medicare, and Assistant Regional Social Security Commissioner Joseph P. Addabbo are due to be dismissed and it is so recommended. It is further recommended that all claims against the Social Security Administration through its Acting Commissioner, Kilolo Kijakazi, in her official capacity be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.

## Background

On July 24, 2020, Plaintiff, proceeding *pro se*, filed an Amended Complaint asserting claims against the Social Security Administration regarding the amount and method of Social Security payments made to her and adjustments made to her Social Security benefits for Medicare Part B premiums that she did not request. (Doc. 4). In her complaint, Plaintiff asks the "Honorable Judge [to] review enclosed documents and apply any or all laws you deem fair and just." (*Id.* at p. 3). Plaintiff states that she believes that her Social Security is in "an unsafe, insecure state subject to manual manipulations deducting money amounts from my monthly benefits other than Social Security." (*Id.* at p.4). She seems to base this claim on her allegation that her 2011 Yearly Earnings Statement reflected that she would receive $806 per month at age 62, but her 1992 Yearly Earnings Statement reflected that she would receive $1,061 per month at age 62. (*Id.*). She also claims that the "RIFD" tracking system allowed Medicare CMS to auto enroll her in an unknown medical plan Part B without her prior

knowledge or permission. (*Id.*). Plaintiff claims that a portion of her Social Security benefits were improperly withheld to pay this unauthorized Medicare Part B premium in 2018. (*Id.*).

A brief review of these programs provides some clarity to Plaintiff's claims. Medicare, the federal health insurance program for the elderly and disabled, was created under Title VIII of the Social Security Act. The Medicare program is operated by the Centers for Medicare & Medicaid Services ("CMS"), an agency withing the Department of Health & Human Services ("HHS"). However, eligibility determinations for Medicare and the enrollment of individuals as beneficiaries of the Medicare program are handled by the SSA. *See* Doc. 35-2 at p. 3. Medicare consists of four components, two of which are relevant here: Medicare Part A, which pays for hospital and post-hospital care and does not require an individual to pay a premium, and Medicare Part B, which pays for physician visits and certain other outpatient services and does require a premium if an individual chooses to enroll in this part. 42 U.S.C. §§ 1395c, *et seq.*, 1395j, *et seq.*, 1395s. An individual's Medicare Part B premium is subject to withholding from the individual's Social Security benefits. 42 U.S.C.§ 1395s(a)(1).

Medicaid is a health care assistance program that pays for the health needs of eligible indigent individuals. Each State government administers the Medicaid program in its respective state. *See Ark. Dep't of Health & Human Servs. v. Ahlborn*, 547 U.S. 268, 275 (2006). Individuals who are covered by both Medicare and Medicaid may receive special assistance. For these individuals, known as Qualified Medicare Beneficiaries (QMBs), Medicare Part B premiums, deductibles, and copayments are paid by the State Medicaid program. *See* 42 U.S.C. § 1396d(p); 42 C.F.R. § 400.200.

The Court recognizes that a *pro se* pleading is held to a less stringent standard than one drafted by an attorney and must be liberally construed; however, a *pro se* pleading must suggest that there is at least some factual support for a claim. *Waldman v. Conway*, 871 F.3d 1283 (11th Cir. 2017). Moreover, a *pro se* complaint must support a finding of subject matter jurisdiction for the Court to proceed with an analysis on the merits of the complaint. *Travaglio v. Am. Exp. Co.,* 735 F.3d 1266, 1268-69 (11th Cir. 2013). Defendants argue that Plaintiff's complaint is due to be dismissed because the Court lacks subject matter jurisdiction and because the complaint fails to state a claim upon which relief can be granted.

## Standard of Review

The Defendants argue that Plaintiff's complaint is due to be dismissed, pursuant to Rule 12(b)(1), because this Court lacks subject matter jurisdiction due to Plaintiff's failure to exhaust her administrative remedies. Subject matter jurisdiction is a threshold inquiry that must be established before the Court can proceed to evaluate a plaintiff's claims on the merits. *See, e.g., Douglas v. United States*, 814 F.3d 1268, 1280-81 (11th Cir. 2016) (noting that "[f]ederal courts are courts of limited jurisdiction" and that, if a federal "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). "[T]he party invoking the court's jurisdiction must prove, by a preponderance of the evidence, facts supporting the existence of jurisdiction." *Jory v. United States*, 562 F. App'x 926, 927 (11th Cir. 2014) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009) (citing

*Morrison v. Amway Corp.,* 323 F.3d 920, 925 n.5 (11th Cir. 2003)). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint," and when considering a facial challenge, "the court must … take the complaint's allegations as true." *Id.* "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Id.*

In *Bryant v. Rich*, 520 F.3d 1368, 1374-76 (11th Cir. 2008), the Eleventh Circuit held that "exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits" and "should be decided on a Rule 12(b) motion to dismiss." The Court found that it is proper to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties are given sufficient opportunity to develop the record. *Bryant*, 520 F.3d at 1376 (citations omitted); *see Basel v. Sec'y of Defense*, 507 F. App'x 873, 875 (11th Cir. 2013) (applying this standard of review in a Title VII case); *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (same); *Nodd v. Integrated Airline Servcs., Inc.*, 41 F. Supp. 3d 1355, 1363-64 (S.D. Ala. 2014) (same). Under *Bryant*'s two-step process,

> First, the court must look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent that it conflicts with that of the defendant. If the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies.

*Basel*, 507 F. App'x at 875 (internal citations omitted) (citing *Turner v. Burnside*, 541 F.3d 1077, 1082, 1082-83 (11th Cir. 2008)).

5

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

## Undisputed Facts

On November 17, 2014, SSA issued Plaintiff a notice of award, which stated she would receive retirement benefits in the amount of $854 per month. (Doc. 35-1 at pp. 1, 5). Plaintiff was advised that she had 60 days to appeal this decision if she disagreed with it. (*Id.* at p. 6). Plaintiff did not appeal the Notice of Award. (*Id.* at p. 1).

6

On November 6, 2015, SSA notified Plaintiff her benefits increased because she received credit for additional earnings. (*Id.* at pp. 1-2, 8). Plaintiff did not appeal the notice of change in benefits. (*Id.* at pp.1-2). Since then, SSA has not changed Plaintiff's benefit amount, except for annual cost-of-living increases and deductions for Medicare premiums. (*Id.* at p. 2).

On November 3, 2017, SSA notified Plaintiff that her Medicare Parts A and B coverage would start December 2017. (*Id.* at pp. 2, 10). The notice stated her monthly payment for Part B would be $134 per month, and SSA would deduct that amount from her monthly retirement check. (*Id.*). On November 29, 2017, SSA notified Plaintiff that the State of Alabama would pay her Part B premiums beginning December 2017. (*Id.* at pp.2, 16). The notice also informed Plaintiff she would receive a refund of $134, which SSA had deducted from her retirement benefits. (*Id.*).

On October 1, 2018, SSA notified Plaintiff that the State of Alabama would no longer pay her Part B premiums beginning October 2018. (*Id.* at pp.2, 19). The notice stated she must pay the premiums starting October 2018, and SSA would deduct them from her retirement benefits unless she notified SSA that she wanted to cancel Part B coverage within 30 days. (*Id.*). Subsequently, SSA deducted premiums of $134 for the months of October through December 2018. (*Id.* at pp. 2-3). In October 2018, Plaintiff sent SSA letters complaining about the deductions. (*Id.* at pp.3, 22-24). She also sent SSA a letter dated November 23, 2018, indicating she wanted to cancel Part B coverage. (*Id.* at pp. 3, 27-29).

On December 14, 2018, SSA acknowledged Plaintiff's request to cancel her Part B coverage and stated it would refund $268 for Part B premiums she paid since

7

October 2018. (*Id.* at pp. 3, 32). After Plaintiff sought an additional refund of $134, SSA initially maintained that Plaintiff was responsible for her Part B premium for October 2018. (*Id.* at pp. 3-4). However, on August 16, 2021, SSA sent Plaintiff a notice that explained the agency erroneously ended her Part B coverage the last day of October 2018 instead of the last day of September 2018. (*Id.* at pp. 4, 44-45). The notice also explained the agency would refund her $134 for the Part B premium the agency deducted for October 2018. (*Id.*). The notice gave Plaintiff 60 days after receipt of the notice to request a hearing before an Administrative Law Judge ("ALJ") and explained the agency presumed she received the notice within five days of the date on the notice. (*Id.*). As of August 16, 2021, SSA has refunded to Plaintiff all Part B premiums deducted from her retirement benefits. (*Id.* at p. 4).

Plaintiff had until at least October 20, 2021, to request a hearing before an ALJ regarding the agency's withholding of Part B premiums. (*See id.* at pp. 4, 45). Plaintiff has not reached the hearing level on any of SSA's determinations regarding her retirement benefits. (*Id.* at p. 4). Accordingly, she has also not received a decision or denial of review from the Appeals Council regarding any SSA determination. (*Id.*).

## **Legal Analysis**

Plaintiff's claims, which allege that she did not receive the correct amount of monthly benefits and that Part B premiums were improperly deducted from her social security monthly benefits, arise under the Social Security Act ("the Act"). *See Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975) (holding that, where the Social Security Act provides both the standing and the substantive basis for the presentation of a plaintiff's contentions, the case arises under the Act). Congress has explicitly stated that, in claims

arising under the Act, judicial review is permitted only in accordance with 42 U.S.C. § 405(g), as limited by § 405(h). *See Shalala v. Ill. Council on Long Term Care, Inc.,* 529 U.S. 1, 8-10 (2000); *Cochran v. U.S. Health Care Fin. Admin.,* 291 F.3d 775, 779-80 (11th Cir. 2002). Although the Act provides a qualified waiver of sovereign immunity under 42 U.S.C. § 405(g)-(h), an individual must exhaust her administrative remedies before challenging the Commissioner's actions in Federal court. *See Salfi*, 422 U.S. at 763; *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997).

Because the statute is silent as to what constitutes a "final decision," the meaning of that term is defined by the Commissioner's regulations. *See Sims v. Apfel*, 530 U.S. 103, 106 (2000); *Salfi*, 422 U.S. at 766. The regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. *See* 20 C.F.R. § 404.900(a) (2021); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988); *see also* 20 C.F.R. § 404.900(a)(5) ("When you have completed the steps of the administrative review process . . ., we will have made our final decision"). The administrative review process generally consists of an initial determination, a reconsideration determination, a hearing decision by an ALJ, and a request for Appeals Council review of an ALJ decision. 20 C.F.R. § 404.900(a)(1)-(5). Initial determinations under this four-step review process include, but are not limited to, determinations concerning eligibility for benefits, amount of benefits, recomputation of benefits, reduction of benefits, a revision of earnings records, termination of benefits, and overpayments or underpayments. 20 C.F.R. § 404.902(a)-(x). A claimant may obtain a final decision only by completing the administrative appeals process and receiving either: (1) a decision by the Appeals

Council; or (2) notice from the Appeals Council that it is denying her request for review. *See* 20 C.F.R. §§ 404.981, 422.210. Here, Plaintiff failed to request review by the Appeals Council.

The Social Security Act and controlling case law bar judicial review of actions by the Commissioner absent administrative exhaustion even if the individual challenges the Commissioner's determination or decision on "evidentiary, rule-related, statutory, constitutional, or other legal grounds." *Ill. Council on Long Term Care, Inc.*, 529 U.S. at 10; *see* 42 U.S.C. § 405(g), (h); *Salfi*, 422 U.S. at 762; *Cochran*, 291 F.3d at 779-80. As the Supreme Court has explained, a primary purpose of the rule requiring administrative exhaustion is:

> the avoidance of premature interruption of the administrative process. The agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise.

*McKart v. United States*, 395 U.S. 185, 193-94 (1969). Allowing an agency the opportunity to review an individual's claim through the administrative process permits the agency the opportunity to discover and correct its own errors, which may eliminate the need for judicial involvement altogether. *Id.* at 195.

In this matter, as set forth above, SSA issued Plaintiff a Notice of Award on November 17, 2014, regarding the amount of her retirement benefits and informed her that she had 60 days to appeal, which she did not do. On November 6, 2015, SSA notified Plaintiff her retirement benefits had increased and again informed her that she had 60 days to appeal the notice of award, but she did not. Therefore,

because she failed to appeal the awards of her benefits, she has failed to exhaust her administrative remedies with respect to SSA's determinations regarding the amount of her retirement benefits. *See Salfi*, 422 U.S. at 763 (requiring exhaustion of administrative remedies before allowing a challenge to the agency's actions in Federal court).

Similarly, Plaintiff has not exhausted her administrative remedies with respect to her claim that SSA improperly withheld Medicare Part B premiums. Plaintiff's allegation regarding SSA's withholding for payment of Medicare Part B premiums appears to concern the agency's mistaken withholding of a $134 premium payment from her retirement benefits for the month of October 2018. The State of Alabama stopped paying Plaintiff's Part B premiums of $134 per month beginning October 2018 and SSA began deducting the premium from her retirement benefits beginning that month. SSA deducted these premiums from her retirement benefits for three months - October through December 2018. Based on Plaintiff's request to terminate Medicare Part B coverage, SSA refunded Plaintiff $268 for the months of November and December. However, Plaintiff contended SSA owed her an additional $134. On August 16, 2021, SSA issued a notice that explained that SSA had erroneously ended her Part B coverage the last of October 2018 instead of the last day of September 2018 and that it would refund her an additional $134. The notice also informed Plaintiff she had 60 days after receiving the notice to request a hearing before an ALJ. As of the date of filing Defendants' motion, Plaintiff had not appealed. Since that notice was sent to Plaintiff on August 16, 2021, Plaintiff

could not have yet completed the administrative appeal process with regard to that claim.

Based on the foregoing, the Court finds that Plaintiff has not exhausted her administrative remedies with respect to her claims that SSA improperly calculated her retirement benefits and improperly withheld a Part B premium from her benefits. Therefore, this Court lacks subject-matter jurisdiction under 42 U.S.C. § 405(g) to hear Plaintiff's claims.

## Conclusion

Having reviewed and considered the relevant pleadings, Defendants' motion and exhibits attached thereto, Plaintiff's responses thereto, and the relevant law, the undersigned Magistrate Judge **RECOMMENDS** that the Federal Defendant's motion to dismiss be **GRANTED** and that Plaintiff's Amended Complaint be **DISMISSED, without prejudice,** for the reasons set forth above.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **23rd** day of **November, 2021**.

                                    <u>s/P. BRADLEY MURRAY</u>
                                    UNITED STATES MAGISTRATE JUDGE