# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEPHANI S. BUERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:20-cv-0421-TFM-MU |
| | ) |
| U.S. DEPARTMENT OF HEALTH AND | ) |
| HUMAN SERVICES, *et al.* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On November 23, 2021, the Magistrate Judge entered a Report and Recommendation which recommends the Defendants' motion to dismiss (Doc. 36) be granted and the Amended Complaint be dismissed without prejudice for lack of subject matter jurisdiction. *See* Doc. 45. The *pro se* Plaintiff, Stephani S. Buerger ("Plaintiff") timely filed a document which the Court construed as objections which also demanded the return of her paperwork. *See* Doc. 46. She also subsequently filed several additional documents which included a motion to reopen the case. *See* Docs. 48, 49, 50. The Report and Recommendation is ripe for review.

Previously the Court dismissed the claims asserted against the Alabama Medicaid Agency. *See* Docs. 19, 26. That left remaining the federal defendants – The U.S. Department of Health and Human Services, the Medicare U.S. Department of Health and Human Services Office of Civil Rights, the National Social Security Administration, and Joseph P. Addabbo (collectively, "Federal Defendants"). In filing their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), they argued the Court lacks subject matter jurisdiction due to Plaintiff's failure to exhaust her administrative remedies. *See* Doc. 45. The Report and Recommendation concurs.

The undersigned reviewed Plaintiff's "objections." *See* Doc. 46. She does little to address

the Report and Recommendation's analysis, but rather makes general complaints about the state of Alabama and its politics. Further, she states she wants all her papers back and "[s]orry, we were not on the same page to begin with. You could have earned legal fees. Now, you wonder when you next Booster Shot is instead." *Id*. at 2. Plaintiff, while *pro se*, should understand that the Court is not a representation for either party. Additionally, the Court also reviewed the notice dated January 18, 2022. *See* Doc. 47. Plaintiff complains that she has not received a stamped filed copy of her case and complains of being ignored. *Id*. Finally, on January 31, 2022, Plaintiff filed a request to re-open her dismissed case and and two additional notices. *See* Docs. 48, 49, 50. In those she asserts new arguments that seem to be unrelated to her existing case against the Federal Defendants. Specifically, she discusses Alabama Power, her living conditions, and information about her son. *Id*.

None of these objections overcome the well-reasoned analysis of the Magistrate Judge as they do not address the subject matter jurisdiction or the failure to exhaust. Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. It is **ORDERED** that the Federal Defendant's Motion to Dismiss (Doc. 36, filed 10/8/21) is **GRANTED** and that Plaintiff's Amended Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

Further, as the case was not closed prior to this order adopting the Report and Recommendation, the Motion to Reopen the Case (Doc. 48) is **DENIED**. In addition, with regard to that same motion, Plaintiff attached an exhibit (Doc. 48-1) which contains matters she received from various federal financial agencies – e.g. IRS, SSA – the Court determines for Plaintiff's

protection from identity theft and other such issues, those documents should not be visible to the public.  Therefore, the Clerk of Court is **DIRECTED** to place the Exhibit (Doc. 48-1) under seal.

Finally, to the extent Plaintiff wants the Court to send her documents back, they are generally not available for return.  As Plaintiff filed this lawsuit, a record is scanned and created of all matters submitted in this case.  The Clerk of Court is not required to keep paperwork once it is scanned and docketed as noted by Section I(B) of the Administrative Procedures for Electronic Filing.

**DONE** and **ORDERED** this 3rd day of February, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE